IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEON JOHNSON,<br>    Plaintiff, | )<br>)<br>)   Civil Action No. 7:21-cv-00635<br>) |
| v. | )<br>)   By: Elizabeth K. Dillon |
| F. DUTY, *et al.*,<br>    Defendants. | )       United States District Judge<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Leon Johnson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Her amended complaint, which names eleven different defendants and includes a variety of allegations, is before the court for review pursuant to 28 U.S.C. § 1915A.[1]

Upon review of the amended complaint, it is plain that it contains unrelated claims against different defendants, in violation of Federal Rules of Civil Procedure 18 and 20. Moreover, regardless of whether the claims are improperly joined, the court concludes that allowing all of them to proceed in a single suit would make that lawsuit unwieldy and inefficient. It also would effectively allow Johnson to challenge various discrete events involving different defendants and different aspects of her incarceration in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act ("PLRA").

Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. of Conn. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by

---

[1] According to the amended complaint, Johnson is transgender, and she refers to herself using feminine pronouns. The court does so also.

circuit courts in the context of initial review of prisoner complaints, with and without misjoinder. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and *sua sponte* dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

Accordingly, the court will exercise its discretion to sever Johnson's claims into separate lawsuits, in order to promote judicial efficiency and ensure that the claims can be addressed in an orderly fashion. Along with a copy of this memorandum opinion and order, Johnson's amended complaint (Dkt. No. 5) shall be filed as the opening document in each of those lawsuits. Each of the four new lawsuits will be conditionally filed, and Johnson must prepay the full filing fee or file an application to proceed *in forma pauperis* for each new action.

Before reaching the division of claims and defendants, however, the court clarifies several things. First, although the cover page and style of the amended complaint states differently, the text of the amended complaint makes clear that Johnson is suing all defendants in their individual capacities, and is also suing White in his official capacity. The Clerk will be directed to update the docket accordingly.

Second, it is not entirely clear which defendants are named as to which claims. Based on some of the language in the amended complaint, it is possible that Johnson intended to name all defendants as to all claims. But the facts underlying each particular claim only name some of the defendants. The court thus includes only those defendants in the severed cases. If Johnson continues with a particular case and wants to include additional defendants, she may file an amended complaint in that case.

Third, the court notes that the amended complaint also includes allegations regarding the use of excessive force against another inmate. Johnson may not assert or prosecute a claim on behalf of another inmate, however. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Thus, the court does not include these allegations in this or any of the new lawsuits.

Fourth and finally, the court advises Johnson that some of her claims appear to be lacking sufficient information to state a valid claim. If Johnson elects to go forward with all of the new lawsuits, she may be required to file an amended complaint in at least some of them. By way of example only, her allegations that unspecified religious items were confiscated and not returned to her, without more, does not state a valid legal claim.[2] If she elects to proceed with the lawsuit regarding that claim, she likely will be directed to file an amended complaint that includes allegations about what the items were and how being deprived of them substantially burdened her religious beliefs. *See generally Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (explaining that a Free Exercise claim under the First Amendment requires a showing that the defendant, through act or omission, put "substantial pressure on an adherent to modify his behavior and to violate his beliefs") (quoting *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981)).

## CONCLUSION AND ORDER

In accordance with this Opinion, it is ORDERED as follows:

---

[2] The amended complaint includes an allegation that defendants Fuller and White "allow other inmates to wear Kufi and have prayer rugs," (Am. Compl. 5, Dkt. No. 5), but it never alleges that those are the items that Johnson alleges were taken or that those are the items she is being denied. Nor does she state what her religious beliefs are.

3

1. The Clerk is DIRECTED to update this docket to reflect that all defendants are sued only in their individual capacities, with the exception of defendant White, who is sued in both his individual and official capacities. When listing defendants in the newly created cases, the Clerk shall make sure the proper capacity is reflected for each defendant.

2. The claims in Johnson's amended complaint will be severed into five separate actions. This lawsuit will consist of the claims of false imprisonment and "sexual harassment," based on a June 21, 2021 incident, and will also include Johnson's claim that her personal property (except her religious property) was taken without due process on the same date. The sole defendants in this case shall be Duty, Doe, Massingill, and Shepherd. All other defendants shall be terminated from this case. In a separate opinion and order to be issued in the near future, the court will review the claims remaining in this case pursuant to 28 U.S.C. § 1915A, and it also will address Johnson's pending motion for appointment of counsel at that time.

3. The Clerk shall then open four new cases as described below. In each of the four new civil actions, the Clerk also shall file a copy of this Memorandum Opinion and Order as an attachment to the amended complaint:

   A. The Clerk is DIRECTED to conditionally file a copy of Johnson's amended complaint (Dkt. No. 5) in a new and separate civil action that shall include only the claims that Johnson's religious rights were violated by the confiscation of her religious property and a refusal to return it, and that this confiscation also constituted illegal retaliation for Johnson's complaints of sexual harassment and PREA complaints. The only defendants to this action will be Duty, Maze, Massingill, White, and Fuller.

B. The Clerk is DIRECTED to conditionally file a copy of Johnson's amended complaint (Dkt. No. 5) in a new and separate civil action that shall consist of Johnson's claim that she received three false disciplinary charges in retaliation for filing PREA complaints and her due process claim in conjunction with proceedings on those charges. This case also will include the allegations that defendants Stanley and Shirks "failed in investigating the disciplinary charges" and that defendants White and Manis improperly upheld the charges. (Am. Compl. 11.) The following persons shall be defendants to this lawsuit: Adams, Duty, Doe, Massingill, Stanley, Shirks, White, and Manis.

C. The Clerk is DIRECTED to conditionally file a copy of Johnson's amended complaint (Dkt. No. 5) in a new and separate civil action that shall consist of Johnson's claims of "sex discrimination," which appear to assert a claim based on the Equal Protection Clause and/or a claim that the conditions of her confinement violate the Eighth Amendment. In particular, she alleges that, even though she is a transgender woman, she is forced to shower with male prisoners, which is a security issue and puts her at risk of an assault. She also complains that she is limited to one shower a day, while other inmates are permitted multiple showers. This lawsuit also will include the allegations set forth on pages 7 and 8 concerning alleged statements, sexual comments, and threats by defendant Maze from June through August 2021, and Maze's denying Johnson a shower on at least one occasion. The defendants in this case will be Maze, Massingill, Shepherd, Fuller, and White.

D. The Clerk is DIRECTED to conditionally file a copy of Johnson's amended complaint (Dkt. No. 5) in a new and separate civil action that shall consist of

5

     Johnson's Eighth Amendment claim that defendants Fuller and White have failed to provide adequate mental health care for Johnson, despite her requests for such treatment. The defendants in this case will be Fuller and White.

4. In each of the four new civil actions, the complaint shall be conditionally filed only and a separate conditional filing order shall be entered in each. Consistent with those orders, Johnson shall be required to either prepay the entire filing fee or execute the proper financial documents to seek leave to proceed *in forma pauperis* if she intends to continue to pursue the claim(s) presented in that action. Alternatively, she may notify the court that she wishes to voluntarily dismiss any particular action.

5. Johnson should carefully consider which cases and claims to pursue. If she elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) (holding that a dismissal of a suit for failure to state a claim, whether with or without prejudice, counts as a strike under the PLRA).

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Johnson.

Entered: June 27, 2022.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge