IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEON JOHNSON,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 7:21-cv-00635<br>)<br>) By: Elizabeth K. Dillon |
| F. DUTY, *et al.*,<br>    Defendants. | ) United States District Judge<br>) |

**MEMORANDUM OPINION**

Plaintiff Leon Johnson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. By memorandum opinion and order entered June 27, 2022, the court severed the claims in Johnson's amended complaint into five separate actions. (Dkt. No. 28.) The portion of her amended complaint that remains in this case is before the court for review pursuant to 28 U.S.C. § 1915A.[1] For the reasons discussed herein, the court concludes that Johnson's allegations in this case fail to state a claim and must be dismissed.

I. BACKGROUND

The claims in this case are brought against defendants F. Duty, John Doe, J. Shepherd, and J.R. Massingill, all sued in their individual capacities. In general terms, Johnson alleges false imprisonment and "sexual harassment," based on a June 21, 2021 incident, and she also alleges that her personal property (excluding her religious property) was taken without due process on the same date.[2]

Specifically, Johnson alleges that, on June 21, 2021, she was given permission by Duty to be out of the cell to shower. At approximately 4:30 p.m., Duty told plaintiff that she had a "Phat

---

[1] According to the amended complaint, Johnson is a transgender woman, and she refers to herself using feminine pronouns. The court does so also.

[2] The claim that her religious property was confiscated is not part of this case but is part of one of the new cases created as a result of the severance, *Johnson v. Duty*, No. 7:22-cv-00340 (W.D. Va.).

Ass." Johnson responded by telling Duty that the comment was unprofessional. Shortly thereafter, someone told Johnson to go to the sergeant's office, which she did. Once there, Duty and defendants Doe and Massingill all arrived. Johnson stated that she was "sexual verbal harass [sic]," but she cooperated as ordered. She provides no details as to what specific statements were made, but she alleges that Massingill became "very assaulted [sic]" and argumentative. Johnson asked to talk to mental health personnel about the harassment and an unspecified threat but was denied the opportunity to talk to a mental health provider. (Am. Compl. ¶¶ 11–20, Dkt. No. 5.)

Instead, Massingill said, "Lock him up," and Duty and Doe took Johnson to the "Restorative Housing Unit" ("RHU"). At no time did plaintiff resist or threaten the officials in any way or break any prison rules. Johnson states that defendant Shepherd, who Johnson describes as a correctional officer, was aware of the harassment by Duty and Massingill because of Johnson's verbal complaints and grievances over many months and failed to take disciplinary action against them or to control their behavior. (*Id.* ¶¶ 21–23.)

Johnson also claims that "in retaliation"—apparently for her complaints about the harassment—her "property came up missing, lost or stolen," and "one of the defendants" is responsible. (*Id.* ¶¶ 27, 29.) She claims she was denied all of her property and was not given a confiscation form. (*Id.* ¶¶ 30–34.)

II.   DISCUSSION

A.  28 U.S.C. § 1915A(a)

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal

construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**B. Johnson's Claims**

Johnson alleges that she was harassed and that her placement in the RHU constituted "false imprisonment." She also alleges that she was deprived of some unspecified property without due process of law when it was taken from her and she was not given proper paperwork.

**1. Sexual harassment**

Johnson's allegations of sexual harassment are properly analyzed as an Eighth Amendment claim. Critically, however, Johnson does not allege that any of these defendants physically touched or assaulted her, in a sexual fashion or otherwise. Although Johnson makes a vague reference about Massingill becoming "assaulted [sic]," nowhere does she state that she was physically touched by any of these defendants during this incident. While the comment by Duty was inappropriate and unprofessional, neither that comment nor general accusations of verbal harassment based on plaintiff's gender, (Am. Compl. ¶ 52), or because she is transgender, is sufficient to rise to the level of an Eighth Amendment violation. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (holding that allegations of verbal abuse and harassment, without any physical contact, fail to state a claim of constitutional magnitude); *Snodgrass v. Messer*, No. 7:16CV00050, 2017 WL 975992, at *5 (W.D. Va. Mar. 10, 2017) (granting motion to dismiss where defendant was alleged to have repeatedly made comments of a sexual nature toward plaintiff), *aff'd*, 694 F. App'x 157 (4th Cir. 2017). Thus, the court will dismiss any Eighth Amendment claim based on this incident.

2. **False imprisonment**

The basis for Johnson's false imprisonment claim is that she was placed in disciplinary housing without cause or reason. Such a claim does not state a constitutional violation because there is no actual cause of action for false imprisonment under 42 U.S.C. § 1983. Instead, such claims are viewed as a claim of an unlawful seizure and are addressed under the Fourth Amendment. *See Brooks v. City of Winston–Salem,* 85 F.3d 178, 183–84 (4th Cir.1996); *Rogers v. Pendleton,* 249 F.3d 279,294 (4th Cir.2001). She has not alleged that she was unlawfully seized for purposes of the Fourth Amendment.

Similarly, to the extent the claim is supposed to be one brought under Virginia law, Johnson has failed to state a claim. Virginia's tort of false imprisonment is "the direct restraint by one person of the physical liberty of another without adequate legal justification." *W.T. Grant Co. v. Owens*, 141 S.E.860, 865 (Va. 1928). Courts have noted that similar allegations do not adequately set forth a state-law claim for false imprisonment. *See, e.g.*, *McLaurin v. Rubenstein*, No. 2:11-CV-00090, 2012 WL 967070, at *19 (S.D. W. Va. Feb. 12, 2012) ("[P]laintiff, being legally incarcerated on his criminal convictions, cannot demonstrate that he has been illegally detained simply because he has been placed in a segregated unit, and such circumstances do not give rise to a false imprisonment claim.:), *report and recommendation adopted,* No. 2:11-CV-00090, 2012 WL 966453 (S.D.W. Va. Mar. 21, 2012); *Wilson v. Stolman,* No. 1:05-CV-00226, 2005 WL 1836181, at *4 (E.D. Cal. Aug.1, 2005) (holding that placement in administrative segregation does not give rise to a false imprisonment claim under state law); *Clark v. Mich. Dept. of Corr.,* 555 F. Supp. 512, 516–17 (D. Mich. 1982) (reasoning that a false imprisonment claim will not lie for unlawfully assigning a state prisoner to administrative segregation). *See also Wall v. Artrip*, No. 7:15CV00097, 2018 WL 8053774, at *27 (W.D. Va. July 18, 2018), *report and recommendation adopted,* No. 7:15-CV-00097, 2019 WL 1714226 (W.D. Va.

Apr. 17, 2019) (rejecting claim of false imprisonment under Virginia law for prisoner assigned to administrative segregation).  Johnson's false imprisonment claim will be dismissed.

### 3. Deprivation of property

The claims regarding Johnson's lost property likewise do not state a constitutional violation.  Allegations that prison officials deprived an inmate of her property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because plaintiff possessed tort remedies under Virginia state law, *see* Virginia Code § 8.01–195.3, it is clear that she cannot prevail in a constitutional claim for the alleged property loss in this case.[3]  Thus, her claims based on the loss of her property also must be dismissed

### 4. Supervisory liability claim against defendant Shepherd

Johnson identifies Shepherd as a correctional officer, but she criticizes him for being aware of harassing conduct by Duty and Massingill and failing to discipline or control them. (Am. Compl. ¶ 23.)  To the extent that Johnson is naming Shepherd because he supervised other defendants, she has failed to allege facts to establish supervisory liability.  *See Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (discussing the elements necessary to establish supervisory liability under § 1983); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (same).

To establish supervisory liability, Johnson must allege facts sufficient to show (1) that the defendant "had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the

---

[3] Johnson is not claiming that her property was destroyed pursuant to a prison policy, so the court need not address the slightly different analysis for a deprivation pursuant to policy, which can sometimes require pre-deprivation procedures.  *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (explaining that a violation occurs only if the procedural protections in the policy are inadequate to ensure that deprivations are lawful).

plaintiff"; (2) that the defendant's "response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices' "; and (3) that there was an "affirmative causal link" between the defendant's conduct and plaintiff's "particular constitutional injury." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). The facts alleged by Johnson do not come close to plausibly alleging those three elements. At a minimum, because there was no underlying constitutional violation, as already discussed, Johnson fails to establish the first element of such a claim. Any supervisory liability claim against Shepherd thus fails and must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, Johnson's case will be dismissed, and all pending motions, including Johnson's motion to proceed *in forma pauperis* and for appointment of counsel, will be denied as moot. An appropriate order will be entered.

Entered: July 1, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge