UNITED STATES DISTRICT COURT

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 17 2022

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

LEON JOHNSON,
    Plaintiff,

v.                                          Civil Action No: 7121 CV 635

F. DUTY ET al.
    Defendant(s).

## MOTION FOR RECONSIDERATION

NOW COME, plaintiff Leon Johnson, # 1192355, ("hereinafter Johnson") pro se, and move the court to reconsider her motion for in forma pauperis, false imprisonment, deprived of religious property without due process, sexual harassment and supervisory liability and in forma pauperis for appointment of counsel status in the above styled civil action, for the following reason:

1.      Johnson is pro se with limited knowledge of the law;

2.      Johnson did state a claim throughout the civil rights action pursuant to 42 U.S.C. § 1983.

3.      Johnson was given permission by Duty to be out of the cell to shower.

        Upon my knowledge and belief per Operating Procedure 038.3, Prison Rape Elimination Act ("PREA") states "Transgender and intersex offenders must be given the opportunity to shower separately from other offenders." § 115.42 f, § 115.242 E

4.      Johnson Eighth Amendant was violated by Duty

when he told me I have a "Phat Ass". However I told Duty his comment was unprofessional.

The court upheld a decision ordering a prison to adopt a new sexual harassment policy that prohibited conduct including "(1) All unwelcome sexual activity directed by any DCDC employee at a prisoner including acts of sexual intercourse, oral sex, or sexual touching and any attempt to commit these acts; (2) All unwelcome sexual advances, requests for sexual favor, and other unwelcome verbal or physical conduct of a sexual nature directed by any DCDC employee at a prisoner". Women Prisoners of District of Columbia Department of Corrections v. District of Columbia, 93 F. 3d 910 (D.C. Cir. 1996).

5. Johnson Eighth Amendment was violated by Massingill when she was verbal harass when Massingill became very verbalize and argumentative and mental cruelty.

Massingill stated "Let me tell you something you want be female, you in a male prison and you want to be so much as a bitch and scared to take a shower with the rest of the pod, don't none of my officials want your faggot ass, don't none of my officers like you because you always complaining about something to me, my officials and Lieutenant Shepherd, if you don't like what I said, you don't have on no handcuff make your move because I will beat your ass up and down this shit, and guess what, I know how to cover it up too and once I get you outside, I'm gonna make sure your face kiss the ground because I'm gonna to knockout your front teeth, is there anything you want to said." He continue stating "None of us don't like you that's all you do is bitch and complained about everything, you come out here telling Shepherd, we don't care about you been a transgender, you want be woman but you is a fucking man and you need to take a shower with everyone else." Johnson smile from getting immaterial pain affliction. Massingill stated "I will knocked that dam smile off your face, you think

something funny".

Verbal harassment by the superior was basis of Johnson gender. I can bring a claim for sexual assault even if it does not result in physical injury. See Schwenk v. Hartford, 204 f. 3d 1187, 1196-97 (9th Cir. 2000); Muhammad v. Close, 540 U.S. 749.

6.    Johnson filed in forma pauperis motion pursuant to Title 28 U.S.C. 1915 (B)(2).

7.    Johnson provided the court with her offender earning statement indicating she receiving zero dollar monthly.

8.    Johnson asked to pay twenty percent.

9.    The court with knowledge denied Johnson in forma pauperis status.

10.   Johnson also filed in forma pauperis motion pursuant to Title 28 U.S.C. 1915 (e)(1).

11.   Johnson cannot present her own case, known how complicated the legal issues are, the case requir investigation, the credibility to conduct cross-examination, expert testimony and afford to hire a lawyer. Farmer v. Haas, 990 f. 2d 319, 322 (7th Cir. 1993); Green v. Daley, 414 f. 3d 645 (7th Cir. 2000); Parham v. Johnson, 126 f. 3d 454, 461 (3d Cir. 1997).

12.   Johnson did not allege that she was harassed and place in AHU to constituted "false imprisonment".

13.   Johnson alleged that she was verbal harass, sexual harass, false imprisonment and deprived of religious property without due process, and Procedural due process.

14.     Johnson does not have to allege that any of the defendants physically touched or assaulted her.
        Upon my knowledge and belief dictionary of legal terms p.37 Thus, no physical injury need be proved to establish an assault.

15.     Johnson allege that Massingill verbal sexual harass her by been disrespectful and threaten.

16.     The comment by Duty was inappropriate and unprofessional under DOC 038.3 ("PREA") operating procedure and the Eighth Amendment by contemporary standards shocking to people of reasonable sensitivity.

17.     The comment by Massingill was inappropriate, unprofessional, disrespectful, threaten and sexual harassment.

18.     Johnson gender based of classifications practice rule states one thing for men, and another for transgender or intersex. Massingill was forcing a rule to allow men, transgender and intersex to shower together. Jackson v. Thornburgh, 907 f.'2d 194 (D.C. Cir. 1990).
        Johnson were doing something she had a constitutional right to do under DOC 038.3 PREA by filing a 1983 claim which is part of my First Amendment rights.
        What Massingill did to me by been inappropriate, unprofessional, disrespectful, threaten and sexual harassment was so bad. That it would stop an "average person" the use of sexually degrading, gender-specific epithet, such as "faggot" has been consistently held to constitute harassment based upon sex.
        Massingill did what he did because of what I was doing was the right thing by reporting issues that I was having

Page 4

with inmates and staffs. However, it is inconceivable that Massingill could have believed to be lawful of the pernicious harassment Johnson alleges. Massingill adverse action was directly related to my protected conduct.

In the egregious circumstances of this case, the text of the Takings Clause and our retaliation jurisprudence provided the officers fair warning that their behavior impermissibly burdened a constitutional right. Hope v. Pelzer, 536 U.S. 730, 739-741, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002).

19.    Johnson was held in RHU longer than the time of her punishment for the disciplinary offense.

20.    Massingill intended to confine Johnson with three (3) false charges (1) Tampering with Security Materials, (2) Being in an unauthorized area, (3) Threatening bodily harm and thus had subjected Johnson to mandatory prehearing detention.

21.    At the eventual hearing, Johnson had been (A) found guilty on all charges, (B) disciplinary proceeding violated, (C) the right to hear and to be heard violated, (D) witnesses violated, (E) confrontation and cross-examination violated, (F) documentary and physical evidence violated, (G) assistance with a defense violated, (H) impartial decision-maker violated, (I) written disposition violated, (J) false charges violated, (K) punishment violated, (L) expungement of conviction violated.

22.    Johnson were aware of the confinement.

23.    Johnson did not consent to the confinement.

24.    Johnson confinement was not otherwise a privileged. Johnson had a claim for false imprisonment where she

was held in AHU for ten (10) months beyond the last day of the penalty imposed, with no reason being given other than cover up.

25.       Johnson deprivation of property constitute the first and fourteenth Amendment.

26.       Johnson free exercise clause of the first Amendment protects her right to follow the practices of her religion, like eating kosher food, covering her hair, having praying rug or reading materials or praying at a certain time.

Upon my knowledge and belief if members of one faith can practice their religious beliefs and possess religious materials, equivalent opportunity must be available to members of another faith.

27.       Upon my knowledge and belief no person shall be denied the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, color, creed, or religion, be subjected to any discrimination in his or her civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision of the state.

That does not mean, of course, that the State can take property without providing a meaningful postdeprivation hearing. Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S. Ct. 1148, 1158, 71 L. Ed. 2d 265 (1982); Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

28.       Johnson did state that she was missing her property and also made sure she stated her Muslim prayer rug and Kufi. Johnson have it on inventory plus by Operating Procedure 802.1 Offender Property state "Reimbursement or replacement is limited to damage, loss, or theft only when such property is in the possession or under the control of a DOC employee."

29.     Johnson inform Lt. Shepherd and he knew about her serious of harassment and threats, Shepherd failed to respond reasonably to it and help cover it up.

30.     Shepherd have an obligation refrain from doing something; Shepherd duty as Lt. eventually must be performed; Shepherd obligation to pay money as the other defendant(s); Shepherd responsibility for the conduct of his officials liability.

31.     Shepherd deliberately indifferent was confict of law of Johnson emotional distress.
        Shepherd wrongdoer specific inflicting Johnson emotional distress where he intended to aviod the conduct of her emotional distress. Shepherd outrageous conduct and his bad manners of his officials hurt her feelings of the disrespect and the failure of Shepherd to protect Johnson from the verbal assaults, threats, harassment and verbal sexual harassment by other inmates or staffs of the Eighth Amendment violation of the officials were deliberately indifferent would be a strong likelihood of the incident. There were a constituting connection beteen Shepherd wrongdoer conduct of Johnson emotional distress. By placing Johnson in RHU with false charges was the punishment. Shepherd intentionally deny Johnson access to mental health treatment.

32.     Johnson claim cannot be dismiss under moot but she are asking for money damages. therefore this case cannot become moot.

33.     The court can order prison officials to give Johnson money to make up for the harm she suffered when her rights were violated.

34.     Officials who are responsible should pay her for

Page 7

property and other expenses, for any wages Johnson lost, which cannot be replaced or restored, and for Johnson "pain and suffering."

Some courts and juries have awarded punitive damage for violations of other Constitutional Rights based on showing of "evil intent" by prison officials. Siggers-El v. Barlow, 433 F. Supp. 2d 811.

WHEREFORE, for the foregoing reasons Johnson requests the court to reconsider and grant Johnson's motions for in forma pauperis, false imprisonment, deprived of religious property without due process, sexual harrassment, supervisory liability and in forma pauperis for appointment of counsel motions pursuant to 42 U.S.C. § 1983.

Respectfully submitted,

Leon Johnson #1192355
VDOC Centralized Mail Dist. Cntr.
3521 Woods Way
State Farm, VA 23160

Date: July 9, 2022, Sat.

Page 8

Leon Johnson
1192355
VDOC Centralized Mail Dist. Cntr.
3521 Woods Way
State Farm, VA 23160

GREENSBORO NC 270
15 AUG 2022 PM 2 L

FIRST-CLASS



US POSTAGE
$ 000.81⁰
02 1P
0002602841      AUG 12 2022
MAILED FROM ZIP CODE 24354

OFFENDER CORRESPONDENCE
Marion Correctional Treatment Center
RECEIVED

AUG 19 2022

THE VIRGINIA DEPARTMENT OF CORRECTIONS
HAS NEITHER CENSORED NOR INSPECTED THIS
ITEM. THE DEPARTMENT ASSUMES NO
RESPONSIBILITY FOR ITS CONTENTS.

24011-220840

US District Court
210 Franklin Rd, RM 540
Roanoke, VA 24011