IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEON JOHNSON,<br>  Plaintiff, | )<br>) |
| | )   Civil Action No. 7:21-cv-00635 |
| v. | ) |
| | )   By: Elizabeth K. Dillon |
| F. DUTY, *et al.*, | )     United States District Judge |
|   Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff Leon Johnson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. By memorandum opinion and order entered June 27, 2022, the court severed the claims in Johnson's amended complaint into five separate actions. (Dkt. No. 28.) The portion of her amended complaint that remained in this case consisted of her claims of false imprisonment and "sexual harassment," based on a June 21, 2021 incident, and her allegations that her personal property (other than her religious property) was taken without due process on the same date.[1] The confiscation of her religious property was part of one of the severed lawsuits, which also included other claims alleging a violation of her religious rights. *Johnson v. Duty*, No. 7:22-cv-340 (W.D. Va.).

  By opinion and order entered July 1, 2022, the court reviewed the amended complaint and determined that it was subject to dismissal for failure to state a claim. (Dkt. Nos. 29, 30.) The court therefore dismissed the case with prejudice, and the case was closed.

  Now pending before the court two motions filed by Johnson. The first is a single document that Johnson has titled a motion for leave to file an amended complaint. It consists of a brief request to amend and then sets forth her proposed amended complaint. (Dkt. No. 33.)

---

[1] According to the amended complaint, Johnson is a transgender woman, and she refers to herself using feminine pronouns. The court does so also.

The second is a motion for reconsideration, in which she asks the court to reconsider its ruling on *in forma pauperis*, the denial of her motion for appointment of counsel, and the dismissal of her complaint. (Dkt. No. 34.) As discussed herein, the court concludes that Johnson's amended allegations in this case fail to state a claim, so allowing amendment would be futile. Moreover, nothing in Johnson's filings suggests to the court that its prior rulings were erroneous. For these reasons, both the motion to amend and the motion to reconsider will be denied.

I.  DISCUSSION

**A. Motion to Amend**

The Fourth Circuit has explained how to analyze a post-judgment motion to amend. Specifically,

> a district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b). To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a).

*Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470–71 (4th Cir. 2011) (citing *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006)). "[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion before the judgment was entered—for prejudice, bad faith, or futility." *Laber*, 438 F.3d at 427.

Having reviewed Johnson's proposed amended complaint, the court concludes that the motion to amend must be denied as futile. First of all, nearly all of the factual allegations in her proposed amended complaint are unrelated to the claims in this case. Instead, they relate

primarily to Johnson's claims concerning her religion and her religious property. As noted, those claims are part of a separate case, and those factual allegations are irrelevant to the claims here.[2]

The new or different allegations that relate to her claims in this case, moreover, would not save her claims from dismissal. In fact, two of the three claims in this case (false imprisonment and an Eighth Amendment claim based on verbal "sexual harassment") are not contained within Johnson's proposed amended complaint at all. Instead, it appears to focus only on the deprivation of her property.

The court previously held that Johnson's claims related to her property were subject to dismissal, reasoning:

> The claims regarding Johnson's lost property likewise do not state a constitutional violation. Allegations that prison officials deprived an inmate of her property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because plaintiff possessed tort remedies under Virginia state law, *see* Virginia Code § 8.01–195.3, it is clear that she cannot prevail in a constitutional claim for the alleged property loss in this case. Thus, her claims based on the loss of her property also must be dismissed.

(Mem. Op. 5, Dkt. No. 29 (internal footnote omitted).)

Nothing in Johnson's proposed amended complaint alters the court's reasoning, set forth immediately above, or its conclusion that her property-based claims were subject to dismissal. Accordingly, allowing amendment would be futile, and the court will deny her motion to amend.

**B. Motion to Reconsider**

Johnson's motion to reconsider provides some additional facts in support of the other two claims in this case. The facts are not presented as an amended complaint, though. They are

---

[2] That case, *Johnson v. Duty*, No. 7:22-cv-340, also was dismissed, but without prejudice, and Johnson was given thirty days to move to reopen the case and file a motion to amend her complaint. *See id*, Dkt. Nos. 5, 6. Johnson also has filed a motion to reconsider and a proposed amended complaint in that case, *id.*, Dkt. No. 7, which remain pending before the court at this time.

more properly characterized as arguments attempting to show that she stated a claim in this action, that it should not have been dismissed, and that the court should not have denied her appointment of counsel or *in forma pauperis* status.[3]

The court has considered Johnson's motion to reconsider, including the additional allegations she presents. As with her motion to amend, many of the allegations relate to claims that were severed and are now part of other cases.[4] As for the additional allegations that relate to her claims in this lawsuit, they do not alter the fact that that she has failed to state a claim here. That is true even if they were considered part of a proposed amended complaint. The court addresses her additional allegations and arguments briefly, as to each claim.

### 1. Eighth Amendment Claim

Johnson's motion provides additional detail concerning the statements made by Massingill during the incident, and she contends that they constitute an Eighth Amendment violation. (Mot. Recons. 2–3, Dkt. No. 29.) As the court explained in its prior opinion, however, verbal harassment alone does not violate the Eighth Amendment. In her motion, she asserts that she "does not have to allege that any of the defendants physically touched or assaulted her"

---

[3] To clarify, the court denied her motion to proceed *in forma pauperis* as moot in light of the dismissal of the case; it never ruled that Johnson was not indigent. Instead, it reviewed the complaint sua sponte and determined that it was subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). Section 1915A(a) requires the court to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." In light of the dismissal, the motion to proceed *in forma pauperis* and the motion for counsel were both moot. Notably, the court never ordered the collection of any filing fee related to this case, so Johnson has not had to pay any part of the filing fee in this case, nor will she be required to do so.

[4] For example, Johnson also challenges the fact that she was treated differently based on her transgender status and that PREA (and/or VDOC policy) requires that "transgender and intersex offenders" must be given the opportunity to shower separately from other offenders. (Mot. Reconsider 1, 4.) Those allegations are part of one of the other lawsuits severed from this one—*Johnson v. Maze*, No. 22-342 (W.D. Va.). That lawsuit has been served, but defendants' response is not yet due.
  Likewise, Johnson alleges a retaliation claim by Massingill, but Johnson's retaliation claim is part of one of the other lawsuits—*Johnson v. Duty*, No. 22-340 (W.D. Va.). And Johnson raises various other due process issues as a result of certain disciplinary hearing. Those claims, too, are part of a different lawsuit—*Johnson v. Adams*, No. 22-341 (W.D. Va.).

because "no physical injury need be proved to establish an assault."[5] (*Id.* at 4.) And she argues that verbal harassment supports a claim of sexual harassment even if it does not result in physical injury, citing *Schwenk v. Hartford*, 204 F.3d 1187, 1196–97 (9th Cir. 2000), *Women Prisoners of District of Columbia Department of Corrections v. District of Columbia*, 93 F.3d 910 (D.C. Cir. 1996) ("*Women Prisoners*"), and *Muhammad v. Close*, 540 U.S. 749 (2004). (Mot. Recons. 2–3.) Those cases do not call into question the court's ruling, and they are all easily distinguished.

In contrast to the allegations here, *Schwenk* involved several incidents of physical harassment (groping and grabbing), as well as an attempted rape, in which the defendant correctional officer had unzipped his pants, pulled out his penis, forcibly turned around the plaintiff (a transsexual woman) and began grinding his exposed penis into her buttocks. 204 F.3d at 1194. Here, there are no allegations of physical force being used.

*Muhammad* did not involve an Eighth Amendment claim and does not support Johnson's arguments, either. There, the prisoner brought a retaliation claim against a guard, claiming that the guard had charged him with threatening behavior in retaliation for prior lawsuits and grievance proceedings. 540 U.S. at 752. The prisoner acknowledged that he was guilty of insolence, which was the lesser charge for which he was convicted. *Id.* The Supreme Court's holding was that, in this type of case, where the plaintiff's challenge "threatens no consequence for his conviction or the duration of his sentence," the claim could be brought under Section 1983 (instead of habeas) and was not barred by *Heck v. Humphry*, 512 U.S. 477 (1994), as the court of appeals had ruled. *Id.* at 751–52. *Muhammad* has no bearing on the issues before this court.

Lastly, Johnson cites *Women Prisoners,* correctly noting that the district court in that case

---

[5] Johnson's original complaint described the incident as a verbal assault, but she did not indicate she was asserting a tort claim for assault under Virginia law. If she wants to independently assert such a claim, she may file a complaint in state court.

ordered a correctional department to adopt a sexual harassment policy, including a definition of sexual harassment that included verbal conduct. (Mot. Recons. 2.) *See Women Prisoners*, 93 F.3d at 933. The court imposed the injunction after finding widespread sexual harassment at several women's prisons, including physical harassment. But the opinion there does not stand for the proposition that such conduct violates the Eighth Amendment. First of all, the defendants in *Women Prisoners* did not challenge on appeal that the prevalence and pattern of sexual harassment constituted an Eighth Amendment violation, 93 F.3d at 928, so the appellate court was not asked to rule on that issue. Second, this is an out-of-circuit decision that is not binding on this court. Furthermore, the injunction in that order was entered before the passage of the Prison Litigation Reform Act and was not subject to the restrictions in 18 U.S.C. § 3626(a)(1), which significantly limit the injunctive relief federal courts can impose in cases challenging prison conditions. It is thus unclear that such an injunction would withstand scrutiny today. For all of these reasons, the wording of the injunction in that case does not define the scope of Johnson's Eighth Amendment rights.

In short, then, none of these cases provide any support to Johnson's argument that her Eighth Amendment claim should proceed despite the fact that she alleges no physical harassment or touching. The authority cited by the court in its memorandum opinion remains good law. (Mem. Op. 3, Dkt. No. 29.)

Johnson's reliance on the Prison Rape Elimination Act ("PREA") is similarly misplaced, as PREA creates no private cause of action. *Cooper v. Duncan*, No. 7:16CV00578, 2017 WL 2271501, at *3 (W.D. Va. May 23, 2017) ("Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act.") (quoting Chapman v. Willis, No. 7:12-cv-00389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013)); *see also Taylor v. Worrick*, No. 2:16cv3084, 2016 WL 11190496, at *7

(D.S.C. Nov. 22, 2016) (collecting authority holding same).

The court certainly is not condoning the alleged statements by Massingill or his treatment of Johnson, and it recognized in its prior opinion that such statements were at least "inappropriate and unprofessional." (Mem. Op. 3, Dkt. No. 29.) But they do not rise to the level of an Eighth Amendment violation.

**2. False Imprisonment**

Although Johnson insists that she has plausibly alleged a false imprisonment claim, she is incorrect. Johnson's continued challenge to her detention in the restricted housing unit for ten months beyond the last day of the penalty imposed does not state a false imprisonment claim, for the reasons the court discussed in its opinion dismissing this case. (*See* Mem. Op. 4–5, Dkt. No. 29 (explaining that similar allegations fail to state a false imprisonment claim under Virginia law and collecting authority).)

II. CONCLUSION

For the foregoing reasons, Johnson's motion to amend and motion to reconsider (Dkt. Nos. 33, 34) are both DENIED.

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Johnson.

Entered: August 22, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge